Defendant/appellant Steven M. Czupik appeals from an order that denied his motion to withdraw a no contest plea to the charge of driving under the influence of alcohol. He asserts that his plea should have been vacated because he allegedly suffered from diabetes at the time of his arrest but that his condition had not been officially diagnosed until nearly nine months after he was sentenced. He maintains that his diabetic condition could be a defense to the charge for which he entered his no contest plea. Because we conclude that the trial court did not abuse its discretion in denying Czupik's motion to withdraw his plea, we affirm the judgment.
The record reflects that shortly after midnight on September 18, 1996, North Royalton police responded to a reported motor vehicle accident and discovered Czupik sitting on a driveway apron while his motor vehicle was immobilized in a ditch along the road. The investigating officer detected a moderate odor of alcohol, and Czupik later admitted that he had consumed four whiskey beverages before driving home. After Czupik failed several field sobriety tests, he was cited for operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and for failure to control, in violation of R.C. 4511.202. When asked during a police interview immediately after his arrest whether he had diabetes, Czupik responded, "I was told I did," according to the investigating officer's report.
On January 9, 1997, the trial court granted the prosecutor's motion to amend Count One to charge Czupik with driving under the influence in violation of North Royalton Code Section 434.01(A) and to dismiss Count Two, which charged Czupik with failure to control. Thereafter, Czupik withdrew his former plea of not guilty and entered a plea of "no contest" to amended Count One. He was found guilty and was sentenced at that time.
Nearly one year later, on December 30, 1997, Czupik filed a motion to withdraw his no contest plea. Czupik's motion asserted that evidence of a recently diagnosed medical condition was not available to him at the time of his plea but would have constituted a valid defense to the charge. In a hearing held on March 2, 1998, Czupik's counsel reported that Czupik was diagnosed in October 1997 as having diabetes mellitus and asserted that Czupik's physical condition at the time of his arrest was probably the result of his medical condition and not his consumption of alcohol. Denying Czupik's motion to withdraw his plea, the trial court noted that Czupik admitted at the time of his arrest that he had been drinking alcohol, that his statement to the investigating officer immediately after his arrest manifested his own awareness of a possible diabetic condition, and that Czupik was represented by competent counsel when he chose to enter his no contest plea.
This appeal followed, and the first assignment of error states
 I. THE TRIAL COURT ERRED IN REFUSING TO ALLOW APPELLANT THE OPPORTUNITY TO TESTIFY AT THE HEARING ON HIS MOTION TO WITHDRAW PLEA.
Czupik contends that he was improperly denied the opportunity to testify during the hearing on the motion to withdraw his no contest plea. This assignment of error is not well taken.
The record does not reflect that the court prevented Czupik from testifying.[1] The record instead suggests that the court allowed both counsel to present their oral arguments to the court. Neither party expressed any disagreement with this format.
In any event, Czupik did not object to the fact that he did not testify during the hearing. "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams(1977), 51 Ohio St.2d 112, syllabus at paragraph 1. Absent plain error, the failure to make a timely objection waives the alleged error. See,e.g., LeFort v. Century 21-Maitland Realty Co.(1987), 32 Ohio St.3d 121,123. Because Czupik did not object to the conduct of the proceedings below, he waived the claimed error for this appeal.
Moreover, we do not see how Czupik was prejudiced by the conduct of the proceedings below. Czupik insists that the hearing was not adequate because the trial court did not allow Czupik to testify. He maintains that the court
 was deprived of the defendant's testimony that would have established his reasons for wanting to withdraw the plea, and more importantly, deprived the trial court of the opportunity to assess his veracity and the genuine nature of said reasons * * *. Specifically, the Appellant was deprived of being able to explain that he had no valid reason to believe he had a valid defense to the D.U.I. charge until well after sentencing.
(Brief at p. 7.)
The transcript of the hearing on the motion demonstrates, however, that counsel was afforded a full opportunity to explain the factual basis for the motion to withdraw Czupik's plea. Counsel provided those reasons when he said:
 The basis of our Motion is that — the basis of our Motion is that he had a defense, a valid defense, that he was unaware of at the time of his arrest. The [UNINTELLIGIBLE] was that he was here on January 9th of 97 and we were scheduled for Trial, and at that time he decided to withdraw his plea of Guilty of [sic] Not Guilty and enter a plea of No Contest. The Defense that I had prepared for him at that time was based mainly on the fact that he works around paint fumes all day and we thought maybe that was the reason why he was acting the way he did. In October of 97 he was diagnosed as having Sugar Diabetes. In December he began his jail term from this case, and after one day he became ill. And what he was going to testify to was he was experiencing the same things when he became ill that he experienced the night he was arrested. I want to use my Exhibit A. This was the information from the hospital that showed a high sugar count from the day that he went there from the jail.
(Tr. 2-3.)[2]
The record demonstrates that the basis for Czupik's motion was fully articulated for the court by his counsel. It is not uncommon, moreover, for a trial judge to inquire about the nature of a claim before proceeding to take testimony on it. That Czupik's attorney summarized what the evidence would be did not transform the attorney into a witness, as Czupik argues.
Finally, we fail to see how the absence of direct testimony from Czupik had any effect on the trial court's decision to overrule the motion to withdraw. There is no indication that Czupik's "veracity" or the sincerity of his belief played any part in the lower court's decision. The record instead reflects that the court was simply unpersuaded that the facts advanced by Czupik, even if truly believed by him, provided good grounds to permit Czupik to withdraw his former plea. We find no error by the manner in which the trial court conducted this plea withdrawal hearing.
The first assignment of error is overruled. The second assignment or error states
 II. THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION IN DENYING APPELLANTS' [SIC] MOTION TO WITHDRAW PLEA.
This assignment of error is not well taken.
After a defendant has been sentenced, a court may permit withdrawal of a plea under Crim. R. 32.1 only to correct a manifest injustice. State v. Caraballo(1985), 17 Ohio St.3d 66,67. The defendant has the burden of establishing that injustice occurred. State v. Smith(1977), 49 Ohio St.2d 261, syllabus at paragraph 1. A post-sentence motion to vacate a guilty plea is within the sound discretion of the trial court. State v. Smith,supra, syllabus at paragraph 2. Appellate review of an order denying a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. State v. Grigsby(1992), 80 Ohio App.3d 291, 299;State v. Blatnik(1984) 17 Ohio App.3d 201.
In determining whether the trial court abused its discretion by denying Czupik's post-sentence motion to withdraw his plea, relevant considerations include whether Czupik was represented by competent counsel at the time the plea was made; whether Czupik was afforded a full hearing before he entered his plea; whether he was given a complete and impartial hearing on his withdrawal motion; and whether the record indicates that the court gave full and fair consideration to the plea withdrawal request. See Statev. Grigsby, supra. See also State v. Peterseim(1980), 68 Ohio App.2d 211. Undue delay in requesting withdrawal of the plea is a factor that weighs against granting the motion. See, e.g., Statev. Legree(1988). 61 Ohio App.3d 568(three-year delay unreasonable).
In this case, Czupik does not suggest that he was not represented by competent counsel at the time he entered his no contest plea on January 9, 1997. Czupik also does not suggest that he did not receive a full hearing before he entered his no contest plea. Nothing in the record, moreover, suggests that Czupik did not receive a complete and impartial hearing on his withdrawal motion on March 2. 1998. And nothing in the record suggests that the court did not give full and fair consideration to Czupik's plea withdrawal request at that time.
In particular, it is apparent from the record that before Czupik entered his no contest plea on January 9, 1997, he and his counsel were aware of Czupik's September 18, 1996 post-arrest statement disclosing that he had been told he had diabetes. The police report was available to them, so they had every opportunity to see Czupik's statement and explore its implications, if any. Indeed, Czupik's counsel acknowledged during the March 2, 1998 plea withdrawal hearing that he personally "questioned" Czupik about the statement and that Czupik confirmed the statement, but maintained that he had not been officially diagnosed with the condition. (Tr. 6.) That Czupik did not appreciate and/or chose not to explore the possible significance of this condition before pleading no contest does not mandate that his plea be withdrawn nearly one year after he was sentenced. Moreover, there is no competent medical evidence in the record before us to suggest that Czupik's condition on the night of his arrest was due to a diabetic condition, and not to the four whiskeys he admitted drinking. The absence of such competent evidence is not cured by Czupik's sincerity. And in light of Czupik's delay in seeking withdrawal of his plea and the speculative nature of his supposed defense, we cannot say that the trial court abused its discretion in concluding that this was not an extraordinary case warranting withdrawal of Czupik's plea to correct a manifest injustice.
Czupik mistakenly relies for support on two cases: State v.Newcome(1989), 62 Ohio App.3d 619, and State v. Longo(1982),4 Ohio App.3d 136. The case at bar is not like Newcome, which allowed Newcome to withdraw his guilty plea because he had been denied his right to counsel when he pled guilty while represented by an attorney who had been suspended from the practice of law. This case also is not like Longo, which allowed Longo to withdraw his no contest plea because of errors that occurred during sentencing. Neither case is factually analogous to the instant case.
The trial court did not abuse its discretion in denying Czupik's post-sentence motion to withdraw his no contest plea. Accordingly, we overrule Czupik's second assignment of error.
The judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and ANNE L. KILBANE, J., CONCUR.
 ___________________________________ DIANE KARPINSKI PRESIDING JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] It is not clear from the record whether Czupik was even present for the hearing. As the proceeding began, Czupik's counsel remarked, "Judge if my — my client was here today I will testify * * *." (Tr. 2.) While the hearing transcript is unclear, we will assume that Czupik was present for the hearing.
[2] The transcript of the March 2, 1998 hearing that is before us does not include the referenced Exhibit A, and we do not find any other exhibit in the record that matches the description contained in the transcript.