The STATE of Ohio, Appellee,

v.

LEGREE, Appellant.

[Cite as *State v. Legree* (1988), 61 Ohio App.3d 568.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–001.

Decided Dec. 2, 1988.

Gary Byers, assistant prosecuting attorney, for appellee.

Kevin Legree, pro se.

*Per Curiam.*

This case is before this court on an appeal from a judgment of the Lucas County Court of Common Pleas, which court denied appellant's motion to withdraw his guilty plea after sentencing.

Appellant, Kevin Legree, was indicted by the Lucas County Grand Jury on February 17, 1984 for aggravated murder in violation of R.C. 2903.01. The indictment included a firearm specification pursuant to R.C. 2929.71. A trial date was set for May 28, 1984. On that date, the court was informed that negotiations between the state of Ohio and appellant on a plea bargain were still in progress.

The prosecutor indicated to the judge that the state had offered to reduce the charge from aggravated murder to murder and to dismiss the firearm specification in exchange for appellant's pleading guilty. The judge later asked the prosecutor if appellant was eligible for reformatory confinement and the prosecutor responded that appellant was. The judge then informed appellant that "[i]f sentenced to the reformatory, which I suspect will be the case here, you would be eligible for [*sic,* in] ten years, eight months and fourteen days, eligible for parole." Later, the judge reiterated that parole eligibility would occur after ten years, eight months, and fourteen days.

Next, the judge asked appellant whether any promises had been made to him to induce a guilty plea other than the reduction of the charge and the dismissal of the firearm specification. Appellant responded "no."

After appellant indicated he was prepared to plead guilty, the judge handed him the written plea form. The judge directed appellant's attention to the paragraphs therein which stated that no threats or promises had been made to induce the plea other than those discussed in open court. The judge again stated that to his knowledge only two promises had been made, the reduction of the charge and the dismissal of the firearm specification. Appellant then signed the plea of guilty form.

Following the signing of the plea form, the judge entered a judgment of guilty against appellant. The judge then sentenced appellant to the custody and control of the Ohio Department of Rehabilitation and Correction, for a period of fifteen years to life, and ordered him conveyed to the Ohio Reformatory. While serving his sentence in reformatory confinement, appellant was informed on August 29, 1984 that Ohio law prohibited reformatory confinement for those convicted of murder. He was thereafter transferred to the Ohio State Penitentiary and his eligibility for parole was changed from the shorter reformatory period to the longer adult institution period.

Subsequently, on October 19, 1987, appellant filed a motion to withdraw his plea of guilty. On December 9, 1987, the trial court entered judgment denying appellant's motion for withdrawal of his plea of guilty. From that judgment appellant appeals.

Appellant presents three assignments of error:

"I. Trial court abused it's [sic] discretion in failing to withdraw guilty plea where intelligent, voluntary, knowing plea was induced by broken plea bargain.

"II. Trial court abused it's [sic] discretion in failing to withdraw guilty plea where intelligent, voluntary, knowing plea was induced by promise contrary to state statute.

"III. Trial court abused it's [sic] discretion in failing to hold an evidentiary hearing on the appellant's motion to withdraw his guilty plea as to afford the appellant an opportunity to develope [sic] his showing of a 'manifiest [sic] injustice.' "

Appellant's first assignment of error alleges that the plea agreement which induced his guilty plea was broken. He argues that his plea agreement included a promise of a sentence of fifteen years to life to be served at the Ohio State Reformatory, Mansfield, Ohio. Because he was promised reformatory confinement but ended up serving his time at the Ohio State Penitentiary, his parole eligibility was changed from the shorter reformatory period to the longer adult institution period. Appellant thus asserts that the broken promise and its incident result establish manifest injustice and the trial court therefore abused its discretion by not permitting withdrawal of his guilty plea.

When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled. *Santobello v. New York* (1971), 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 433. In this case, the agreement was fulfilled. While a statement was made by the trial judge that appellant was eligible for and might be sentenced to reformatory confinement, this was a mere statement of eligibility, not a promise. The prosecutor, on the other hand, specifically stated to the trial judge that the state was offering (1) a reduction in charge from aggravated murder to murder and (2) a dismissal of the firearm specification in exchange for appellant's guilty plea. Additionally, the trial judge stated twice that only two promises were being made: (1) the charge would be reduced from aggravated murder to murder, and (2) the firearm specification would be dismissed. Finally, the trial judge twice asked appellant whether any promises other than these two were made to induce him to plead guilty and he twice answered that there were no other promises.

The record in this case displays no evidence that a third promise, namely reformatory confinement, was made. If a third promise was made, surely appellant would have mentioned it to the trial judge on one of the two occasions when appellant was asked whether or not any additional promises had been made. Therefore, we find that the plea agreement was not broken.

Consequently, appellant's first assignment of error is found not well-taken.

Appellant's second assignment of error alleges that the trial court abused its discretion by refusing to allow appellant to withdraw his guilty plea because it was induced by a promise which, according to statute, could not be made.

R.C. 5143.03 states the circumstances under which a male criminal may be sentenced to the reformatory. It specifically states that "no male person convicted of aggravated murder or murder shall be sentenced or transferred to the reformatory." Because appellant was convicted of murder, he clearly was not eligible for reformatory confinement.

However, in this case, we have already found that appellant was not promised reformatory confinement. Thus, the only argument left open for him is that when the trial judge, the prosecutor, and his own attorney misrepresented to him that he was *eligible* for reformatory confinement, appellant took this misrepresentation into account in deciding to plead guilty, and therefore suffered manifest injustice and should have been permitted to withdraw his guilty plea.

Crim.R. 32.1 permits a post-sentence motion to withdraw a guilty plea only to correct manifest injustice. The burden of establishing manifest injustice is upon the defendant. *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus. The motion to withdraw is permitted only in extraordinary cases and "is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at 264, 3 O.O.3d at 404, 361 N.E.2d at 1326. Undue delay between the alleged cause of the manifest injustice and the filing of the motion to withdraw is a factor which weighs against granting the motion. *Id.*

An appellate court will reverse a decision left to the discretion of a trial court only when it is shown that the trial court abused its discretion. *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213–214, 22 O.O.3d 341, 342–343, 428 N.E.2d 863, 865–866. A trial court judge abuses his discretion when he displays an unreasonable, arbitrary or unconscionable attitude. *State v. Longo* (1982), 4 Ohio App.3d 136, 4 OBR 228, 446 N.E.2d 1145, paragraph three of the syllabus.

In support of his argument that abuse of discretion exists in this case, appellant cites *State v. Meister* (July 1, 1987), Hamilton App. No. C–860770, unreported, 1987 WL 13863. In that case, the defendant and the prosecutor formed a plea bargain. Upon presentation of the plea bargain to the court, a discussion was held about the sentencing possibilities if the court accepted the plea. A question of statutory interpretation about whether sentences would run concurrently or consecutively was pointed out to the judge. He was informed that the plea bargain was based upon a specific interpretation. The judge informed both parties that another possible interpretation existed, but he did not advise either party which interpretation would be used until sentencing. The Fifth District Court of Appeals held that the defendant's plea was not voluntary because "[t]he statutory framework used by the court was substantially different from the framework that was openly understood and agreed to as an inherently significant part of the plea bargain with the state." *Id.* at 8.

We do not, however, find *Meister* persuasive because it is factually distinguishable from the case before us. In *Meister*, there was a statute which required interpretation. The trial judge was informed that both parties agreed to one interpretation of the statute. The Fifth District Court of Appeals held that the trial court erred in doing "nothing to disabuse the defendant of his obvious assumption that the agreed interpretation would control." *Id.* Thus, the trial court was aware that the parties were basing "an inherently significant part of the plea bargain," *id.*, on one interpretation and accepted the plea even though there was a chance that another interpretation would be used. In fact, the same court at sentencing decided to use the interpretation that the parties had *not* based the plea bargain upon.

However, in the case before us, the trial judge was *not* aware that there was an agreed-upon interpretation that the defendant assumed would control. In actuality, there was no interpretation in this case at all. What happened there was a simple error by all of the parties.

We do, on the other hand, find *State v. Markland* (Sept. 25, 1981), Wood App. No. WD–81–14, unreported, 1981 WL 5804, persuasive. In *Markland*, the defendant pled guilty to a reduced charge of murder. This plea was based upon the defendant's belief that he would be sentenced to the reformatory. He was in fact sentenced to the reformatory, but was subsequently informed that the statute prohibited him from being sentenced to reformatory confinement. He was thereupon transferred to the state penitentiary. This court held that mistaken belief on the part of the defendant as to where he would be sentenced was not sufficient to support a claim of manifest injustice.

In the case before us, there was a mistaken belief by all the parties involved that appellant was eligible for reformatory confinement. This mistaken belief, however, does not support a claim of manifest injustice. In addition, there has been no showing that the trial judge, who denied appellant's motion for withdrawal of his guilty plea, displayed an unreasonable, arbitrary or unconscionable attitude. Finally, more than three years passed between the alleged cause for withdrawal of the guilty plea and the filing of the motion to withdraw and this also weighs against granting the motion.

We, therefore, find appellant's second assignment of error not well-taken.

■ In his third assignment of error, appellant contends that the trial court abused its discretion in failing to hold an evidentiary hearing on his motion to withdraw his guilty plea.

■ A hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." *State v. Blatnik* (1984), 17 Ohio App.3d 201, 204, 17 OBR 391, 395, 478 N.E.2d 1016, 1020. Additionally, a hearing is not required where the record, on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal. R.C. 2953.21(E). See, also, *State v. Milanovich* (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540; *United States v. Romano* (S.D.N.Y.1970), 314 F.Supp. 407.

In the case *sub judice,* appellant alleges both that the plea bargain was broken and that through the misrepresentation to him that he was eligible for reformatory confinement manifest injustice exists. Appellant argues that these allegations entitle him to an evidentiary hearing. In support of his argument, he cites three cases: *State v. Peterseim, supra; State v. Milanovich, supra;* and *State v. Dickey* (1984), 15 Ohio App.3d 151, 15 OBR 308, 473 N.E.2d 837.

Appellant cites *Peterseim* as standing for the proposition that a hearing must be held after any motion to withdraw a guilty plea is filed. This is, however, a misstatement of the court's actual holding. The court's holding was not that a court must hold an evidentiary hearing. Rather, the court held only that because the trial court did hold a hearing, there was a further indication that the judge had not abused his discretion. *Peterseim, supra,* 68 Ohio App.2d at 214, 22 O.O.3d at 343, 428 N.E.2d at 865–866.

In citing *Dickey, supra,* appellant referred our attention to the case without making a specific argument. *Dickey,* however, stands for the proposition that a full hearing must be held *before a court will accept a plea,* not before deciding on a motion to withdraw a plea. *Dickey, supra,* 15 Ohio App.3d at

152, 15 OBR at 309, 473 N.E.2d at 838.   Appellant's reliance upon *Dickey* is thus misplaced.

*Milanovich*, on the other hand, is on point with respect to this issue.   The case involved a withdrawal of a guilty plea which, according to the defendant, was made only after "his counsel instructed him that 'if the judge asks you if you have been made any promises you should answer "no sir" because legally we aren't permitted to do such [plea bargain for shock parole] but we all do it under the table anyway.'"   *Milanovich, supra*, 42 Ohio St.2d at 47, 71 O.O.2d at 26–27, 325 N.E.2d at 541.   The court applied R.C. 2953.21(E), which states that a hearing is not required if the record shows that the defendant is not entitled to relief.   It found that if the allegation were true, it would require that the defendant be permitted to withdraw his guilty plea, and that the record could not show the truth or falsity of the allegation.   Therefore, the court held that an evidentiary hearing was required.

In the case before us, the record reveals that the plea bargain contained two promises: (1) a reduction in charge and (2) a dismissal of a firearm specification.   The record is, however, silent as to a promise of reformatory confinement.   Appellant nevertheless alleges that such a promise was made, even though he did not mention it to the trial judge either when the judge told him what the promises were or when the judge asked him whether there were any that had not been mentioned.   These facts are distinguishable from those in *Milanovich* because in that case the defendant alleged that his counsel told him there was an additional promise but that it should not be mentioned to the judge because making such a promise was not legal.   Here, on the other hand, appellant offers no explanation for his or the record's silence with respect to a promise of reformatory confinement.   The record clearly indicates that no such promise was made and that if defendant thought otherwise, every opportunity was afforded him to so state.   Therefore, the record conclusively and irrefutably contradicts appellant's allegation.

Appellant's second allegation was that his eligibility for reformatory confinement was misrepresented to him.   We accept this allegation as true.   However, we have already found that this misrepresentation is not sufficient to require that appellant be permitted to withdraw his guilty plea.

In light of our determination that the record clearly shows that there was no promise of reformatory confinement and that misrepresentation of reformatory eligibility does not require that appellant's motion to withdraw his guilty plea be granted, we find appellant's third assignment of error not well-taken.

On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed.   This cause is remanded to

said court for execution of sentence. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.