[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a judgment entry of the Lucas County Court of Common Pleas in which the court denied a motion filed by appellant, Lloyd E. Stith, to withdraw a plea of no contest. Appellant has presented two assignments of error. In his first assignment of error, he alleges that the trial court abused its discretion by ruling on his motion without an evidentiary hearing, because he informed the court in his motion that his original plea agreement was not followed at the time of his sentencing. In his second assignment of error, he argues that he should be allowed to withdraw his plea because he received ineffective assistance of trial counsel. He states that his counsel did not object to the changes that were made in the agreement at the time of sentencing and did not file a timely appeal. Because both assignments of error relate to the central question of whether appellant should have been permitted to withdraw his plea, we will consider the assignments of error together.
This court has previously stated:
"Crim.R. 32.1 states that:
 "`A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.'
 "An evidentiary hearing is not required by the rule. However, in the case of post-sentence motions, the courts have held that the trial court abuses its discretion when it fails to hold an evidentiary hearing where the withdrawal of the plea would be necessary if the facts alleged in the motion were found to be true. State v. Hamed (1989), 63 Ohio App.3d 5, 7; State v. Thrower (1989), 62 Ohio App.3d 359; and State v. Blatnik
(1984), 17 Ohio App.3d 201, 204. * * * This court created an exception to this rule where the facts alleged are conclusively and irrefutably contradicted by the record. State v. Legree (1988), 61 Ohio App.3d 568, 574." State v. Ross (Feb. 21, 1992), Erie App. No. E-91-4, unreported.
We have carefully reviewed the record in this case and conclude that the facts alleged by appellant in his motion to withdraw his plea are conclusively and irrefutably contradicted by the record. The transcript in this case shows that the trial court carefully explained required changes to the written plea agreement. In addition, the changes were handwritten on the plea agreement by the trial judge. Finally, the trial judge had appellant, appellant's counsel, and the prosecutor initial the changes. Appellant said he understood the changes and said he understood he could be sentenced to up to twenty-five years for each charge to which he pleaded no contest. Accordingly, the trial court was not required to hold an evidentiary hearing in this case.
The same record shows that appellant did not receive ineffective assistance of counsel. The changes that were made to the plea agreement related to a statutory requirement of the prosecutor to send certain information to the parole board, and to the maximum prison terms that could be imposed for appellant's crimes. The record shows that the trial judge pointed out, in open court with appellant present, that the language in the original plea agreement did not acknowledge the legal requirement for the prosecutor to send certain information to the parole board. The written plea agreement was altered to include language that acknowledged the prosecutor's obligation, and appellant initialed the change to show that he understood and agreed with the change. The trial judge personally spoke to appellant on the record to be sure appellant understood the maximum time the judge could impose as a sentence for appellant's crimes. Under these circumstances, appellant's trial counsel had no obligation to raise any objection. His representation did not fall below an objective standard of reasonable representation and did not prejudice appellant's case. See State v. Bradley (1989), 42 Ohio St.3d 136,137, paragraph two of the syllabus.
The record does not contain any proof that appellant's trial counsel agreed to represent appellant on an appeal following his sentencing. Accordingly, we cannot find that the failure to file a timely notice of appeal was ineffective assistance of counsel in this case.
Finally, we find the record shows that no manifest injustice occurred in this case that would require the trial court to permit appellant to withdraw his pleas of no contest. The trial court did not abuse its discretion when it denied appellant's motion to withdraw his pleas of no contest. See State v. Blatnik
(1984), 17 Ohio App.3d 201, 202. Appellant's first and second assignments of error are not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.