OPINION
Defendant Kirk E. Winters appeals a judgment of the Court of Common Pleas of Licking County, Ohio, overruling his motion to withdraw his plea of no contest to one count of aggravated murder and one count of aggravated robbery. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S CRIM. R. 32.1 MOTION TO WITHDRAW HIS NO CONTEST PLEA WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING.
Crim.R. 32.1 provides in pertinent part:
 A motion to withdraw a plea of guilty or no-contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
Our standard of reviewing the overruling of a motion to withdraw a plea is the abuse of discretion standard, see State v.Maurer (1984), 15 Ohio St.3d 239. The Supreme Court has frequently held the term abuse of discretion implies the court's decision is ". . . unreasonable, arbitrary or unconscionable . . . ." See State v. Adams (1980), 62 Ohio St.2d 151 at 157, citations deleted.
Appellant argues the trial court should have conducted an evidentiary hearing on his motion to withdraw. In State v. Smith
(1977), 49 Ohio St.2d 261, the Ohio Supreme Court held the court need conduct a hearing on the motion only if the facts indicate a manifest injustice would occur if the accused is not allowed to withdraw his plea. An evidentiary hearing is not required if the allegations made in the motion are contradicted by the record, seeState v. Legree (1988), 61 Ohio App.3d 568 at 574.
Here, appellant was intoxicated when he was arrested for the underlying offenses. He gave an incriminating statement to police. Defense counsel moved to suppress the statement, arguing appellant was so intoxicated he was unable to knowingly and voluntarily waive his right to counsel. The trial court overruled the motion.
After losing the motion to suppress, appellant withdrew his plea of not guilty and changed his plea to no-contest. During the Crim.R. 11 dialogue, the court inquired whether any promises had induced appellant to enter this plea, and the appellant responded no.
Appellant now claims his defense counsel informed him if he changed his plea to no-contest, the court's decision on the suppression motion would be overturned. Appellant claims defense counsel assured him he could receive a new trial in which his incriminating statement would be suppressed. He urges this rendered his plea of no-contest involuntary, and resulted in a manifest injustice.
We find the record on appeal contradicts appellant's allegations, and for this reason, a motion to withdraw the guilty plea is not the proper vehicle with which to attack the plea. Appellant presents evidence outside the record on appeal, which is most properly presented in a petition for post-conviction relief. The trial court cannot grant a motion to withdraw a plea based upon an affidavit which directly contradict the record.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J., and Reader, J., concur, Hoffman, J., dissents.