I respectfully dissent from the majority opinion. My reasons follow.
The determination of whether an evidentiary hearing is warranted for a Crim.R. 32.1 motion requires a two step analysis. First, a hearing need only be conducted if the motion is justified, that is, if the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea of guilty or no contest were not allowed to be withdrawn. State v. Smith
(1977), 49 Ohio St.2d 261, 3; State v. Blatnik (1984), 17 Ohio St.3d 46; State v. Hamed (1989), 63 Ohio App.3d 5; State v.Reynolds (April 24, 1986), Cuyahoga App. No. 50368, unreported.
Second, it must be determined whether the allegations made by the defendant in support of his motion are conclusively and irrefutably contradicted by the record. If the allegations upon which a Crim.R. 32.1 motion is based are so contradicted by the record, an evidentiary hearing is not required. State v. Legree
(1988), 61 Ohio App.3d 568, 574.
In the instant case, appellant claims defense counsel represented to him that if he pled no contest, he would be able to successfully appeal the trial court's decision on the suppression motion. Appellant claims defense counsel also stated, as a result of this appeal, he would receive a new trial during which the evidence challenged by the suppression motion could not be used against him. These facts, as alleged by appellant, support the conclusion a manifest injustice would occur if the plea of no contest were not allowed to be withdrawn.
Next, it is necessary to consider whether the record contains any evidence, which irrefutably contradicts appellant's claim.
Appellee contends the record reveals appellant stated, under oath, he was making his plea voluntarily, without the influence of promises or threats. Transcript of Plea, pp. 18-20. As such, appellee submits the record conclusively refutes appellant's assertion he entered his plea in response to a guarantee of a new trial by his attorney and; therefore, a hearing was not required under Legree, supra.
In reviewing this argument, I find a conceptual distinction between representations made by defense counsel to his client concerning future appellate strategy and promises made between the trial court and/or prosecutor and defense counsel relative to the present consequences of a defendant changing his or her plea.
In order to ensure the requirements of Crim.R. 11(C) are met, the trial court customarily inquires of a defendant whether his plea was induced by promises or threats.
This is intended to elicit information which assists in determining whether a defendant's plea is voluntary.
The trial court's questioning a defendant as to whether his plea was induced by a promise may not, necessarily, evoke a response from him concerning representations made by his own counsel regarding future appellate strategy. Rather, the term "promises" brings to mind plea bargains or other agreements made between the trial court and/or prosecutor, and the defense counsel relative to dismissal/reduction of charges and/or sentencing considerations. I find the fact a defendant affirmatively indicates he was not induced to plead in a given manner by any promises does not, necessarily, foreclose a defendant from asserting his plea was not knowingly, intelligently and voluntarily made because it was based upon an unfulfilled guarantee of future appellate disposition made by his own counsel.[1]
Upon review of the trial record, I find it does not conclusively and irrefutably contradict appellant's allegation his plea was not knowingly, intelligently, and voluntarily made because of defense counsel's assurance of a successful appeal and new trial without his statement to the police. Accordingly, I find the trial court abused its discretion by denying appellant's motion to withdraw his plea without conducting an evidentiary hearing. At the hearing, the credibility of appellant's allegation could be tested and determined by the trial court in light of all the evidence.
I would sustain appellant's assignment of error are remand this case to the trial court for a hearing.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.
[1] In State v. Milanovich (1975), 42 Ohio St.2d 46, the Ohio Supreme Court recognized a defendant's denial that promises had been made did not preclude him from moving to withdraw his plea where he had been instructed by his counsel to do so because the plea bargain was "under the table".