OPINION AND JUDGMENT ENTRY
This is a accelerated appeal from a judgment of the Williams County Court of Common Pleas which denied the motion to withdraw a guilty plea filed by appellant, Wesley S. Childress. For the reasons stated herein, this court affirms the judgment of the trial court.
In his five assignments of error, appellant argues that the trial court erred in failing to hold a hearing on his motion to withdraw his guilty plea. This court finds no merit in any of these assignments of error.
The following facts are relevant to this appeal. In 1996, appellant was charged with one count of kidnaping. Appellant pled guilty to aggravated assault as a result of a plea agreement and was sentenced on June 13, 1996. After sentencing, appellant filed various motions, including one for shock probation and one for modification of his sentence; all were denied by the trial court. On September 28, 1998, appellant filed a motion to withdraw his guilty plea. On October 2, 1998, the trial court denied the motion. This appeal followed.
Crim.R. 32.1 provides:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
In State v. Smith (1977), 49 Ohio St.2d 261, paragraphs one, two and three of the syllabus, the Ohio Supreme Court held:
 "1. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1.)
 "2. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.
 "3. An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."
In State v. Legree (1988), 61 Ohio App.3d 568, 574, this court stated:
 "A hearing on a post-sentence motion to withdraw a guilty plea `is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn.' State v. Blatnik (1984), 17 Ohio App.3d 201, 204. Additionally, a hearing is not required where the record, on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal. R.C. 2953.21(E). * * *" (Parallel cite omitted.)
Upon a thorough review of the record in this case and the application of the above law, this court concludes that the trial court did not err in not holding a hearing on appellant's motion to withdraw his guilty plea.
Accordingly, appellant's assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
James R. Sherck, J.
Mark L. Pietrykowski, J.
CONCUR.