DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Dale Wilton Beam, appeals the denial of his motion to withdraw his guilty plea in the Lorain County Court of Common Pleas. We affirm.
On August 30, 1995, Mr. Beam was indicted by the Lorain County Grand Jury on one count of rape, in violation of R.C. 2907.02(A)(2), and two counts of felonious sexual penetration, in violation of R.C. 2907.12(A)(2). On June 6, 1996, Mr. Beam withdrew his not guilty plea and pleaded guilty to the three counts charged in the indictment. He was sentenced accordingly on June 6, 1996.
On March 24, 1999, Mr. Beam filed a motion to withdraw his guilty plea. The trial court denied his motion without holding a hearing on May 6, 1999. This appeal followed.
Mr. Beam asserts one assignment of error:
 WHETHER THE TRIAL COURT ABUSED IT'S [sic] DISCRETION THEREBY DEPRIVING DEFENDANT/APPELLANT "PROCEDURAL DUE PROCESS" WHEN IT DENIED APPELLANT ("PRO SE") MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEAR[ING] [sic].
Mr. Beam asserts three reasons why the trial court should have allowed him to withdraw his guilty plea. He asserts first that the trial court failed to advise him of his right to seek conditional probation, second that he did not sign a waiver of his right to trial by jury, and third that he was incompetent to enter his plea. As he moved to withdraw his guilty plea after he was sentenced, he asserts that the trial court erred by failing to afford him a hearing during which he could raise these three issues.[1] We disagree.
The standard to be used by the trial court in ruling on a post-sentence motion to withdraw a guilty plea was addressed by the Ohio Supreme Court in State v. Smith (1977), 49 Ohio St.2d 261, paragraphs one through three of the syllabus:
 1. A defendant who seeks to withdraw a plea of guilty after imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1)
 2. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.
 3. An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.
In determining whether to hold a hearing on a post-sentencing motion to withdraw a guilty plea, a trial court is guided by the principle that
 [a] hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Blatnik (1984), 17 Ohio App.3d 201, 204. Additionally, a hearing is not required where the record, on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal. R.C. 2953.21(E).
(Parallel citations omitted.) State v. Legree (1988), 61 Ohio App.3d 568,574. "The decision on whether or not a court is to hold a hearing on a defendant's Crim.R. 32.1 motion to withdraw a plea is [also] reviewed to determine whether the trial court committed an abuse of discretion."State v. Alexander (Feb. 19, 1998), Cuyahoga App. No. 72028, unreported, 1998 Ohio App. LEXIS 633, at *7. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Mr. Beam asserts that he should be allowed to withdraw his guilty plea based on three errors that occurred at the time of his sentencing: (1) he was not advised by the trial court of his right to conditional probation pursuant to R.C. 2951.04(A); (2) he did not sign a waiver of his constitutional right to trial by jury; and (3) he was incompetent to enter a plea at that time. We will address each in turn.
Mr. Beam avers that he had the right to be informed of his eligibility for conditional probation for drug treatment pursuant to R.C. 2951.04. He further avers that the trial court had reason to believe that he was "a drug dependent person or [was] in danger of becoming a drug dependant person[.]" R.C. 2951.04(A). However, one must be eligible for probation to be eligible for conditional probation under R.C. 2951.04. R.C.2951.04(B)(3). Mr. Beam was convicted of rape, in violation of R.C.2907.02(A)(2). "An offender shall not be placed on probation * * * when * * * [t]he offense involved is a violation of section 2907.02 or 2907.12
of the Revised Code." R.C. 2951.02(F)(4). Hence, we conclude that Mr. Beam was not entitled to conditional probation pursuant to R.C. 2951.04. As this fact is obvious from the record, we cannot conclude that the trial erred in not affording Mr. Beam a hearing on this issue because the record irrefutably demonstrates that Mr. Beam was not entitled to conditional probation.
Mr. Beam avers that he did not sign a document waiving his constitutional right to a jury trial. A review of the record, however, reveals that, in a document journalized on June 4, 1996, Mr. Beam did waive his right to a jury trial. Moreover, Mr. Beam signed the document, as did his counsel. Hence, we conclude that the record conclusively refutes Mr. Beam's allegation, and therefore, the trial court did not err in not holding a hearing on this allegation.
Finally, Mr. Beam argues that he was incompetent at the time he entered his guilty plea due to his drug and alcohol dependence. Mr. Beam filed the report of a psychologist with his motion for conditional probation, which is not currently before this court. However, in the interest of justice, we reviewed this report. It did not indicate that Mr. Beam suffered from mental diseases, which would put his ability to stand trial or enter a guilty plea in doubt. Further, there is no evidence or indication that Mr. Beam was under the influence of drugs or alcohol at the time he entered his plea. Hence, in this case, we cannot conclude that the trial court abused its discretion by not holding a hearing regarding this issue. Accordingly, Mr. Beam's assignment of error is overruled.
Mr. Beam's assignment of error is overruled. The order of the Lorain County Court of Common Pleas denying Mr. Beam's motion to withdraw his guilty plea is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
WHITMORE, J. CONCURS
BAIRD, J. CONCURS IN JUDGMENT ONLY
[1] Mr. Beam also avers that he raised issues regarding his counsel's competence in failing to adequately investigate his defense in his motion to withdraw his guilty plea. However, a review of his motion discloses that those issues were not raised before the trial court, and hence, are not properly before this court.