JOURNAL ENTRY and OPINION
Defendant-appellant Kenneth Harris appeals the trial court's denial of his motion to withdraw his guilty plea. For the reasons below, we affirm.
In December 1991, Harris had two criminal cases pending. On December 27, 1991, he pled guilty to felonious assault with a violence specification. On January 2, 1992, he pled guilty to attempted rape in the second case. The trial court sentenced him to five to fifteen-year terms in each case, to run consecutively.
On December 4, 2001, Harris filed a motion to withdraw his guilty pleas, which the trial court denied.
In his pro se brief on appeal, Harris maintains that the trial court abused its discretion when it denied his motion to withdraw his guilty plea.[1] He argues that the trial court did not have subject matter jurisdiction because each page of the indictments against him was not time-stamped. Accordingly, he contends that he should be permitted to withdraw his plea.
Crim.R. 32.1 permits a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. State v. Blalock, Cuyahoga App. No. 80599, 2002-Ohio-3637, citing, State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715; State v. Grigsby (1992), 80 Ohio App.3d 291, 299,609 N.E.2d 183. The burden of establishing a manifest injustice is upon the defendant. State v. Legree (1988), 61 Ohio App.3d 568, 572,573 N.E.2d 687; State v. Grigsby, supra at 299.
In the instant case, there is no showing of a manifest injustice. The technical argument which Harris raises does not require a withdrawal of his guilty plea. Accordingly, the trial court did not err in denying Harris' motion.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and TERRENCE O'DONNELL, J. CONCUR.
[1] Counsel appeared at oral argument and raised ineffective assistance of counsel as a second issue. However, this issue was not argued in the appellate brief. See App.R. 12(B).