This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ronald Banks, appeals from the decision of the Lorain County Court of Common Pleas. We affirm.
{¶ 2} On April 2, 1997, Mr. Banks was charged with aggravated murder, in violation of R.C. 2903.01(A), for killing his estranged wife, Giovani Banks. On February 25, 1998, Mr. Banks pled guilty to the charge and was sentenced accordingly. There was no direct appeal from the conviction. On October 22, 2001, Mr. Banks filed a pro se motion to withdraw his guilty plea and requested an evidentiary hearing. The trial court denied the motion without conducting an evidentiary hearing. It is from this judgment that Mr. Banks now appeals.
{¶ 3} Mr. Banks asserts three assignments of error. We will address them together to facilitate review.
 First Assignment of Error {¶ 4} "THE TRIAL COURT PREJUDICIALLY ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."
 Second Assignment of Error {¶ 5} "THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN ENTERING HIS GUILTY PLEA."
 Third Assignment of Error {¶ 6} "APPELLANT'S GUILTY PLEA WAS INVOLUNTARILY AND UNINTELLIGENTLY ENTERED."
{¶ 7} In his assignments of error, Mr. Banks asserts that: 1) he did not receive a hearing on his motion to withdraw his plea; 2) he received ineffective assistance of counsel; and (3) he did not enter his plea voluntarily and intelligently.
{¶ 8} Crim.R. 32.1 governs the withdrawal of guilty pleas. It provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.[1]
{¶ 9} A defendant who seeks to withdraw a plea of guilty subsequent to sentencing has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The purpose of this standard is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.State v. Caraballo (1985), 17 Ohio St.3d 66, 67.
{¶ 10} The trial court has the discretion to resolve the credibility and weight of the movant's assertions in support of the motion. Smith, 49 Ohio St.2d at paragraph two of the syllabus.
{¶ 11} "[A] hearing on a postsentence motion to withdraw a guilty plea `is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn.' Additionally, a hearing is not required where the record, on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal." State v. Legree (1988), 61 Ohio App.3d 568, 574, quoting State v. Blatnik (1984), 17 Ohio App.3d 201, 204.
{¶ 12} Although there is no time limit for filing a Crim.R. 32.1 motion, undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor that affects the credibility of the defendant and mitigates against the granting of the motion. Smith, 49 Ohio St.2d at paragraph three of the syllabus.
{¶ 13} This court reviews a trial court's decision whether or not to hold a hearing based on an abuse of discretion standard. State v.Beam (Jan. 24, 2001), 9th Dist. No. 99CA007365, at 4. An abuse of discretion is more than an error of judgment, but instead displays "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. An appellate court may not substitute its own judgment for that of the trial court when applying the abuse of discretion standard. Id.
{¶ 14} Mr. Banks asserts that he should be allowed to withdraw his guilty plea because he involuntarily and unintelligently entered his guilty plea due to the allegedly ineffective assistance of his counsel. The foundation of Mr. Banks's claims is that his attorney allegedly told him that he could be sentenced to life imprisonment without the possibility of parole if he did not plead guilty. Mr. Banks asserts that his attorney told him that if he pled guilty, he would receive life in prison with the possibility of parole in twenty years.
{¶ 15} Mr. Banks was charged with aggravated murder in violation of R.C. 2903.01. The indictment contained no specifications. The maximum possible sentence for a violation of R.C. 2903.01, with no specifications, is life in prison with parole eligibility in twenty years. R.C. 2929.03(A)(1). In his motion to withdraw his guilty plea, Mr. Banks argues that had he known the maximum possible sentence was life in prison with parole eligibility in twenty years, he would not have pled guilty.
{¶ 16} A guilty plea is not voluntary if it is the result of ineffective assistance of counsel. State v. Christley (May 19, 2000), 11th Dist. No. 99-P-0022. A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. See McMannv. Richardson (1970), 397 U.S. 759, 771, 25 L.Ed.2d 763. A two-step process is employed in determining whether the right to effective counsel has been violated. First, the defendant must prove that his counsel's performance was deficient. Strickland v. Washington (1984), 466 U.S. 668,687, 80 L.Ed.2d 674. Second, the defendant must prove that this deficient performance prejudiced the defense. Id. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985),17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
{¶ 17} The transcript of the sentencing hearing reveals that the trial judge explained to Mr. Banks the correct potential penalties for his crime. The relevant portion of the hearing was transcribed in the record:
 {¶ 18} "The Court: Do you realize, sir, that aggravated murder, a Felony One, (a) violation of 2903.01(A) of the ORC, carries a sentence of life, with parole eligibility after 20 years, and carries a maximum fine of up to $25,000; is this what you want to do?
{¶ 19} "The Defendant: Yes, your Honor."
{¶ 20} During the sentencing hearing, the trial judge found that Mr. Banks understood the maximum penalty that could be imposed.
{¶ 21} In the present case, the record demonstrates that Mr. Banks was aware of the maximum sentence, regardless of what his attorney told him. Therefore, even if Mr. Banks's attorney misinformed him regarding the possible sentence, Mr. Banks was not prejudiced by the misinformation because the trial judge clearly explained the maximum potential penalty for the charge. Mr. Banks's self-serving allegations are insufficient to rebut a record demonstrating that the plea was voluntary. State v. Young
(Oct. 22, 1999), 11th Dist. No. 98-T-0128. Thus, even accepting Mr. Banks's allegations as true, the allegations are insufficient to overcome the record and require the trial court to hold an evidentiary hearing.
{¶ 22} In addition, while there is no time limit for filing a Crim.R. 32.1 motion to withdraw a guilty plea, Mr. Banks waited three and one-half years from his sentence before he filed his motion. As stated previously, undue delay is a factor that affects Mr. Banks's credibility and weighs against granting his motion to withdraw his plea. Smith, 49 Ohio St.2d at paragraph three of the syllabus. Mr. Banks has failed to establish the existence of a manifest injustice sufficient to warrant a reversal of the trial court's judgment. We cannot conclude that the trial court abused its discretion by not holding a hearing regarding these issues. Accordingly, Mr. Banks's assignments of error are overruled.
{¶ 23} Mr. Banks's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J. CONCURS; CARR, J. CONCURS IN JUDGMENT ONLY.
[1] The Ohio Supreme Court recently held that a Crim.R. 32.1 postsentence motion to withdraw a guilty plea is not governed by the postconviction statutes of R.C. 2953.21 and R.C. 2953.23. State v. Bush
(2002), 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 14.