This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Dean Iafornaro, appeals the decision of the Lorain County Court of Common Pleas. We affirm.
{¶ 2} On September 30, 1998, Mr. Iafornaro was indicted on several charges. On December 5, 2000, Mr. Iafornaro pled guilty to the charges and was sentenced accordingly. There was no direct appeal from the conviction. On November 5, 2001, Mr. Iafornaro filed a pro se motion to withdraw his guilty plea and requested an evidentiary hearing. The trial court denied the motion without conducting an evidentiary hearing. It is from this judgment that Mr. Iafornaro now appeals.
{¶ 3} Mr. Iafornaro asserts four assignments of error. We will address them together to facilitate review.
 First Assignment of Error {¶ 4} "TRIAL COURT ABUSED IT'S DISCRETION WHEN IT DENIED THE MOTION TO WITHDRAW GUILTY PLEAS WITHOUT EVER HOLDING A FULL HEARING TO DETERMINE WHETHER OR NOT THE APPELLANT IAFORNARO COULD UNDERSTAND THE NATURE OF THE CHARGES IN HIS BIPOLAR CONDITION." [sic.]
 Second Assignment of Error {¶ 5} "THE APPELLANT IAFORNARO WAS INFORMED BY COUNSEL THAT BASED UPON HIS ACCEPTANCE OF GUILT HE WOULD BE SENT AFTER HIS GUILTY PLEA TO A MENTAL HOSPITAL FOR FURTHER TREATMENTS." [sic.]
 Third Assignment of Error {¶ 6} "TRIAL COURT FAILED TO COMPLY WITH OHIO REVISED CODE, SECTION § 2945.371 (B), WHEN REQUESTED BY COUNSEL PRIOR TO ACCEPTANCE OF GUILTY PLEAS." [sic.]
 Fourth Assignment of Error {¶ 7} "APPELLANT IAFORNARO WAS DENEID EFFECTIVE ASSISTANCE OF COUNSEL BASED UPON COUNSEL'S MISADVISE CONCERNING THE SENTENCE THAT WOULD BE IMPOSED UPON GUILTY PLEA." [sic.]
{¶ 8} In his assignments of error, Mr. Iafornaro asserts that: (1) he did not receive a hearing on his motion to withdraw his plea; (2) he did not enter his plea voluntarily and intelligently; (3) the trial court erred by not providing a third examination by a doctor of his choice; and (4) he received ineffective assistance of counsel. We disagree.
{¶ 9} Crim.R. 32.1 governs the withdrawal of guilty pleas. It provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.
{¶ 10} A defendant who seeks to withdraw a plea of guilty subsequent to sentencing has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. The purpose of this standard is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.State v. Caraballo (1985), 17 Ohio St.3d 66, 67.
{¶ 12} The trial court has the discretion to resolve the credibility and weight of the movant's assertions in support of the motion. Smith, 49 Ohio St.2d at paragraph two of the syllabus.
{¶ 13} "[A] hearing on a postsentence motion to withdraw a guilty plea `is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn.' * * * Additionally, a hearing is not required where the record, on its face, conclusively and irrefutably contradicts the allegations in support of withdrawal." (Citations omitted.) State v.Legree (1988), 61 Ohio App.3d 568, 574.
{¶ 14} This Court reviews a trial court's decision whether or not to hold a hearing based on an abuse of discretion standard. State v.Beam (Jan. 24, 2001), 9th Dist. No. 99CA007365, at 4. An abuse of discretion is more than an error of judgment, but instead displays "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. An appellate court may not substitute its own judgment for that of the trial court when applying the abuse of discretion standard. Id.
{¶ 15} Mr. Iafornaro argues that he should be allowed to withdraw his guilty plea because he involuntarily and unintelligently entered his plea. The foundation of Mr. Iafornaro's claim is that he thought he was going to be sent to a mental hospital, rather than prison if he pled guilty. Mr. Iafornaro alleges that he thought he would go to a mental hospital because: (1) his attorney told him that he would be sent to a mental hospital if he pled guilty, and (2) that his "bipolar" condition prevented him from understanding the proceedings. Mr. Iafornaro asserts that if he had known he would go to prison, he would not have pled guilty. Accepting the facts alleged by Mr. Iafornaro as true, they do not require that the guilty plea be withdrawn. The record, on its face, conclusively and irrefutably contradicts the allegations.
{¶ 16} First, this Court will address Mr. Iafornaro's claim of ineffective assistance of counsel due to the allegation that his attorney informed him that he would go to a mental hospital rather than prison if he pled guilty.
{¶ 17} A guilty plea is not voluntary if it is the result of ineffective assistance of counsel. State v. Christley (May 19, 2000), 11th Dist. No. 99-P-0022. A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. See McMannv. Richardson (1970), 397 U.S. 759, 771, 25 L.Ed.2d 763. A two-step process is employed in determining whether the right to effective counsel has been violated. First, the defendant must prove that his counsel's performance was deficient. Strickland v. Washington (1984), 466 U.S. 668,687, 80 L.Ed.2d 674. Second, the defendant must prove that this deficient performance prejudiced the defense. Id. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985),17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
{¶ 18} The transcript of the sentencing hearing reveals that the trial judge explained to Mr. Iafornaro the potential penalties for his crimes. The relevant portion of the hearing was transcribed in the record:
 {¶ 19} "THE COURT: * * * [D]o you understand that the maximum possible penalty that the Court may impose in this matter could be 27 years in a state penitentiary and I may fine you not to exceed $34,600?
{¶ 20} "THE DEFENDANT: Yes, I do.
{¶ 21} "* * *
 {¶ 22} "THE COURT: Mr. Iafornaro, I hand you this plea of guilty form. Did you sign that form?
{¶ 23} "THE DEFENDANT: Yes, sir, I did.
 {¶ 24} "THE COURT: Before you signed it, did you review it with Mr. Grunda?
{¶ 25} "THE DEFENDANT: Yes, I did, Your Honor.
{¶ 26} "THE COURT: Did he explain it to you?
{¶ 27} "THE DEFENDANT: Yes, he did.
{¶ 28} "THE COURT: Do you understand it?
{¶ 29} "THE DEFENDANT: Yes.
 {¶ 30} "THE COURT: Did you enter this plea voluntarily without any promise being made to you?
{¶ 31} "THE DEFENDANT: Yes, I did.
{¶ 32} "* * *
 {¶ 33} "THE COURT: You have no objection then to the plea of guilty being entered on your behalf?
{¶ 34} "THE DEFENDANT: No, Your Honor.
 {¶ 35} "THE COURT: Are you satisfied with the services rendered to you by Mr. Grunda?
{¶ 36} "THE DEFENDANT: Yes, I am.
 {¶ 37} "THE COURT: Anything about this hearing you do not understand?'
{¶ 38} "THE DEFENDANT: No."
{¶ 39} The record demonstrates that Mr. Iafornaro was aware of the sentence, regardless of what he alleges his attorney told him. Therefore, even if Mr. Iafornaro's attorney misinformed him regarding the possible sentence, Mr. Iafornaro was not prejudiced because the trial judge clearly explained that the maximum sentence was a prison term and not treatment in a hospital. Mr. Iafornaro's self-serving allegations are insufficient to rebut a record demonstrating that the plea was voluntary. State v. Young (Oct. 22, 1999), 11th Dist. No. 98-T-0128; see, also, State v. Banks (Sept. 18, 2002), 9th Dist. No. 01CA007958. Thus, even accepting Mr. Iafornaro's allegation as true, they are insufficient to overcome the record and require the trial court to hold a hearing.
{¶ 40} In addition to his alleged ineffective assistance of counsel, Mr. Iafornaro asserts that his plea was involuntary due to his "bipolar" condition. He argues that he did not understand "what was going on." On July 31, 2000, a competency hearing was held. During the hearing the parties stipulated that, upon review of the competency reports, Mr. Iafornaro was competent. The hearing transcript reflects that Mr. Iafornaro's attorney reviewed the report with Mr. Iafornaro. In his motion to withdraw his plea, Mr. Iafornaro does not present any evidence that he was not competent to enter a guilty plea. As stated above, Mr. Iafornaro's self-serving allegations are insufficient to rebut the record and require the trial court to hold a hearing. State v. Young, supra.
{¶ 41} In his motion to withdraw his plea, Mr. Iafornaro also alleges that he asked his attorney to request another evaluation by a "doctor who specialized in bi-polar disorder's [sic.]." Mr. Iafornaro alleges that his attorney told him that the trial court denied this request. Mr. Iafornaro alleges that "failure to provide [him] with an independent examination by a doctor of his choice caused him to plead guilty."
{¶ 42} On May 9, 2000, the trial court ordered an evaluation of Mr. Iafornaro to determine his competency to stand trial and to enter a plea of not guilty by reason of insanity. On October 11, 2000, the trial court ordered an additional evaluation of Mr. Iafornaro for a second opinion with regard to the plea of not guilty by reason of insanity. Clearly, Mr. Iafornaro was provided evaluations with regard to his plea of not guilty by reason of insanity. Further, there is no record of a motion for a third evaluation, nor of the trial court denying such a motion. This Court may not consider what is not in the record. App.R. 9(A); see, also, State v. Collins (Jan. 8, 1997), 9th Dist. No. 2546-M.
{¶ 43} Mr. Iafornaro has failed to establish the existence of a manifest injustice sufficient to warrant a reversal of the trial court's judgment. We cannot conclude that the trial court abused its discretion by not holding a hearing regarding these issues. Accordingly, Mr. Iafornaro's assignments of error are overruled.
{¶ 44} Mr. Iafornaro's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.