JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant Eric Tate appeals his guilty plea. We find no merit to the appeal and affirm his conviction.
 {¶ 2} Tate was charged in a six-count indictment with two counts of possession of drugs, two counts of preparation of drugs for sale, one count of possession of criminal tools, and one count of having a weapon while under disability. All of the counts included firearm specifications and several contained major drug offender specifications.
 {¶ 3} On June 11, 2002, the day of trial, Tate pled guilty to one count of possession of over 100 grams of crack cocaine, which carried a ten-year mandatory prison term.
 {¶ 4} On August 26, 2002, this court allowed Tate to file a delayed appeal. In his sole assignment of error, he argues that his plea was not knowingly, voluntarily, or intelligently entered because he informed the trial court during the plea hearing that he felt coerced and threatened to take the plea because the trial court would not permit Tate's counsel time to prepare for trial.
 {¶ 5} A review of the transcript of Tate's plea indicates that initially when the trial court inquired whether Tate was promised, coerced, or threatened to take the plea, the following discussion occurred:
 {¶ 6} "TATE: Other than I feel that I have been forced to do —
 {¶ 7} COURT: I will put the question to you again, sir. If you feel you were being forced —
 {¶ 8} TATE: Forced — I felt with the preparation, but that is why I am admitting to a plea today.
 {¶ 9} COURT: All right. Well, I am not going to accept a plea under those circumstances. Do you want to talk to him a minute?" (TR. 36-37).
 {¶ 10} Thereafter, Tate and his counsel had discussions off the record. Afterwards, the hearing continued as follows:
 {¶ 11} "COURT: Mr. Tate, has anybody promised you anything or threatened you in any way other than the things we have discussed here?
 {¶ 12} TATE: No.
 {¶ 13} COURT: Has the Court done anything to get you to plead guilty to an offense?
 {¶ 14} TATE: No." (TR. 37).
 {¶ 15} Based on this record, we cannot say that Tate's plea was not voluntarily, knowingly, or intelligently entered. When Tate indicated to the court that he felt forced to enter into a plea due to a lack of preparation for his trial, the court responded that it would not accept his plea under those circumstances. Tate then had discussions off the record with his counsel, and when the hearing reconvened, he indicated that he was not promised anything or threatened in any way and that the court did not force him into entering the plea.
 {¶ 16} Furthermore, Crim.R. 32.1 permits a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. State v.Xie (1992), 62 Ohio St.3d 521, 526; State v. Grigsby (1992),80 Ohio App.3d 291, 299. The burden of establishing a manifest injustice is upon the defendant. State v. Legree (1988), 61 Ohio App.3d 568, 572;State v. Grigsby, supra, at 299.
 {¶ 17} In the instant case, there is no showing of a manifest injustice. Tate had adequate time in which to consider the plea offer because the same plea bargain had been offered to him a year earlier. The case had also been pending for approximately fifteen months and discovery had been undertaken. During that time, Tate had fired three different attorneys and the case was also continued and set for trial six times at Tate's request, once because he failed to appear for trial. Under these circumstances, we do not find any manifest injustice requiring the vacation of his plea.
 {¶ 18} Accordingly, Tate's sole assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and ANNE L. KILBANE, J. concur.