{¶ 1} Defendant-appellant, Stanley Williamson ("Williamson"), appeals the trial court's denial of his postsentence motion to withdraw his no contest plea. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2006, Williamson was charged with possession of drugs stemming from an incident in which he was found to have a crack pipe, which tested positive for cocaine. He pled no contest, and after hearing the facts from the plaintiff-appellee, State of Ohio ("State"), the trial court found Williamson guilty of possession of drugs. At the sentencing hearing, the trial court sentenced him to eleven months in prison. Immediately after the sentence was imposed, Williamson told the court that he wished to withdraw his no contest plea. The court took a short recess and then held a hearing on the motion to withdraw the plea. Williamson claimed that he thought he was pleading no contest to a misdemeanor and would not be sentenced to any prison time beyond the three months he had already served. The trial court denied his motion, explaining to Williamson that the court was not going to grant his motion simply because he was upset with his sentence.
 {¶ 3} Williamson appeals the trial court's decision, raising one assignment of error in which he argues that the trial court erred in denying his motion to withdraw his no contest plea.
 {¶ 4} Crim.R. 32.1 governs motions to withdraw guilty or no contest pleas and provides that "a motion to withdraw a plea of guilty or no contest may be made only *Page 2 
before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, Crim.R. 32.1 permits a postsentence motion to withdraw a guilty or no contest plea only to correct a manifest injustice. State v. Xie (1992), 62 Ohio St.3d 521,526, 584 N.E.2d 715; State v. Grigsby (1992), 80 Ohio App.3d 291, 299,609 N.E.2d 183. The burden of establishing a manifest injustice is upon the defendant. State v. Legree (1988), 61 Ohio App.3d 568, 572,573 N.E.2d 687; Grigsby at 299. An appellate court's review of a trial court's denial of a postsentence motion to withdraw a plea is limited to a determination of whether the trial court abused its discretion.State v. 6/af/7/7c(1984), 17 Ohio App.3d 201, 202, 478 N.E.2d 1016.
 {¶ 5} Williamson argues that the trial court's decision created a manifest injustice because he did not enter his plea intelligently, believing that possession of a crack pipe was only a misdemeanor. A review of the transcript, however, shows that during the plea colloquy the State and the trial court repeatedly referred to the charge he faced as a felony of the fifth degree. First, the State informed Williamson that the charge to which he was pleading no contest was a felony of the fifth degree, punishable by six to twelve months in prison. The trial court then discussed the offense with Williamson as follows:
 "Court: Do you understand that as indicted, [the crime] is a felony of the fifth degree, and carries with it potential incarceration from six months up to twelve months in monthly increments or steps, and there is a $2,500 fine the court could impose; is that understood?
 Williamson: Yes. * * * *Page 3 
 Court: Mr. Williamson, how do you plead to Count 1, the charge of possession of drugs, felony five, no contest or guilty?
 Williamson: I plead no contest. * * *"
 {¶ 6} Later, after the State set forth the facts of the case, the trial court again mentioned that the charge was a felony of the fifth degree.
 {¶ 7} Based on this record, we cannot say that Williamson's plea was not voluntarily, knowingly, or intelligently entered. Moreover, under these circumstances, we do not find any manifest injustice requiring that the plea be vacated.
 {¶ 8} Accordingly, Williamson's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1