OPINION
Anthony J. Madeline ("appellant") appeals the December 1, 2000 judgment entry by the Trumbull County Court of Common Pleas denying his Crim.R. 32.1 motion to withdraw his guilty plea. For the following reasons, we affirm the decision of the lower court.
On June 11, 1998, a complaint was filed against appellant, seventy (70) years old, charging him with one count of rape, in violation of R.C.2907.02(A)(1)(b), a felony of the first degree. Affixed to the complaint was an affidavit by Detective Jane Timko, which stated that she was notified that a three-year (3) old female appeared to be sexually abused and that there was evidence of partial vaginal penetration. Detective Timko indicated that the child-victim told an aunt that her grandfather "put his pee-pee on her pee-pee." Detective Timko further stated that, upon being given Miranda rights and signing a waiver of those rights, appellant stated that he partially penetrated the child-victim with his penis and fondled her vaginal area between fifteen (15) and twenty (20) times. Detective Timko added that appellant's statement was audiotaped and that appellant indicated that it was a true and accurate statement.
On June 18, 1998, a plea hearing was held. Appellant, represented by counsel, entered a plea of guilty to a bill of information, charging him with rape. The trial court accepted appellant's plea, and appellant filed his guilty plea that same day. The trial court referred the matter to the adult probation department for a presentence investigation.
On July 15, 1998, a sentencing hearing was held. The trial court sentenced appellant to a prison term of eight (8) years. Appellant was found to be a sexually oriented offender. Appellant's sentence was journalized in a judgment entry of sentence that was filed on July 21, 1998. Appellant did not file a direct appeal of his conviction or sentence.
Almost two and a half years later, on November 14, 2000, while serving his prison sentence, appellant filed a pro se Crim.R. 32.1 motion to withdraw his June 18, 1998 guilty plea based on ineffective assistance of trial counsel. Appellant also requested an evidentiary hearing. Appellant asserted that based on his age, the fact that he was not a high school graduate, and the fact that he had no prior criminal record, he relied solely upon the advice of counsel. Appellant contended that his responses during the plea hearing were based on "blind faith" and that counsel met with him only several minutes before the hearing. Appellant further argued that he was not guilty and that his guilty plea was entered improvidently and without an understanding of the charge, the effect of the plea, or his rights.
Appellant further asserted that trial counsel failed to interview his spouse, which would have allowed counsel to explore the lack of Miranda
rights at the time of his arrest. Appellant also claimed that trial counsel failed to conduct an investigation, failed to file any motions for discovery, suppression of evidence, or any other action to prepare for trial. Finally, appellant averred that trial counsel failed to inform him that the alleged conduct, described in Detective Jane Timko's affidavit, that "he put his pee-pee on her pee-pee" was hearsay and did not constitute "sexual conduct" but was "sexual contact", a primary element for gross sexual imposition. Appellant stated that had trial counsel explained this, he would not have pled guilty to rape. Appellant attached, among other things, his affidavit, the affidavit of Stella Madeline, appellant's spouse, and Detective Jane Timko's affidavit.[1]
Subsequently, on November 15, 2000, the state filed a response to appellant's motion to withdraw his guilty plea, arguing that appellant had not shown a "manifest injustice." The state argued that appellant's own attachments to his motion indicated that his trial counsel properly represented him and investigated the case adequately. The state added that the trial court thoroughly questioned appellant and his counsel prior to accepting appellant's guilty plea. The state further asserted that the charge of rape was proper, not gross sexual imposition, based on appellant's statement to Detective Timko that he had partially penetrated the victim with his penis.
Thereafter, in a judgment entry filed on December 1, 2000, without a hearing, the trial court denied appellant's pro se motion to withdraw his guilty plea. The trial court stated that appellant failed to show that a manifest injustice occurred. On December 28, 2000, appellant, represented by counsel, filed a timely notice of appeal, asserting the following assignment of error:
 "The trial court abused its discretion by denying appellant's motion to withdraw [his] guilty plea without an evidentiary hearing as the plea was not knowingly and voluntarily entered based on ineffective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution and Section 10, Article I of the Ohio Constitution."
 In appellant's sole assignment of error, appellant asserts that he was denied effective assistance of trial counsel when he entered his guilty plea; thus, his plea was not knowing and voluntary. Appellant argues that trial counsel's failure to consult with him, return his telephone calls, conduct an investigation, participate in discovery, and file basic pretrial motions, constitutes deficient performance. Appellant adds that trial counsel was required, through pretrial motions, to challenge the voluntariness of his confession, the competency of the child-witness to testify at trial, and the admissibility of hearsay evidence. Appellant concedes that, during the plea hearing colloquy, his responses were based on a blind trust in his attorney. Appellant contends that had he been advised of all the possible issues and realized that his attorney did not effectively pursue them, he would not have entered a guilty plea. Finally, appellant posits that the trial court was required to grant an evidentiary hearing to consider his meritorious argument of ineffective assistance of counsel.
Briefly, it is necessary to point out that appellant's pro se Crim.R. 32.1 motion to withdraw his guilty plea was unsigned; however, his affidavit, attached to his motion, was signed and notarized. Appellant's affidavit reiterated the same arguments set forth in his motion. The state's appellate brief points to this omission; however, the state did not assert this argument below. Additionally, the trial court rendered a decision as to appellant's pro se Crim.R. 32.1 motion. As such, we will proceed with our review of appellant's sole assignment of error.
Pursuant to Crim.R. 32.1, to withdraw a guilty plea after the imposition of sentence, a defendant bears the burden of demonstrating that such a withdrawal is necessary to correct a manifest injustice.State v. Kerns (July 14, 2000), Trumbull App. No. 99-T-0106, unreported, 2000 Ohio App. LEXIS 3202, citing State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. A post-sentence Crim.R. 32.1 motion to withdraw a guilty plea is granted only in extraordinary cases to correct a manifest injustice. Smith at 264. Although there is no time limit for filing a Crim.R. 32.1 motion, an undue delay between the occurrence of the alleged cause for the withdrawal of the plea and the filing of a Crim.R. 32.1 motion is a factor that affects the credibility of a defendant and weighs against allowing a defendant's plea to be withdrawn. Id. at paragraph three of the syllabus; State v. Jackson
(Mar. 31, 2000), Trumbull App. No. 98-T-0182, unreported, 2000 Ohio App. LEXIS 1423, at 7.
A Crim.R. 32.1 motion is addressed to the sound discretion of a trial court. State v. Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. The good faith, credibility, and weight of a defendant's assertions in support of his motion are to be resolved by a trial court.State v. Gibbs (June 9, 2000), Trumbull App. No. 98-T-0190, unreported, 2000 Ohio App. LEXIS 2526, at 6, citing State v. Stumpf (1987),32 Ohio St.3d 95, 104. Consequently, our review is limited to a determination of whether the trial court abused its discretion. State v.Barnett (1991), 73 Ohio App.3d 244, 250. Abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157.
In the case sub judice, appellant's pro se Crim.R. 32.1 motion to withdraw his guilty plea was made almost two and a half years after he entered his plea. As a result, appellant must demonstrate the existence of a manifest injustice. Appellant alleges various instances where his attorney rendered ineffective assistance.
A properly licensed attorney is presumed to have rendered effective assistance to a defendant. State v. Smith (1985), 17 Ohio St.3d 98, 100. In the context of a guilty plea conviction, to demonstrate ineffective assistance of trial counsel, a defendant must show: (1) counsel's performance was deficient and (2) the defendant was prejudiced by the deficient performance in that there is a reasonable probability that, but for counsel's error(s), the defendant would not have pled guilty. Statev. Desellems (Feb. 12, 1999), Lake App. No. 98-L-053, unreported, 1999 Ohio App. LEXIS 458, at 9, citing Hill v. Lockhart (1985), 474 U.S. 52. The burden of proving ineffective assistance of counsel falls upon a defendant.
The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not
sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. State v. Sopjack (Dec. 15, 1995), Geauga App. No. 93-G-1826, 1995 Ohio App. LEXIS 5572, at 11, citing State v.Haynes (Mar. 3, 1995), Trumbull App. No. 93-T-4911, unreported, 1995 Ohio App. LEXIS 780, at 4-5. Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily. Id.
This court further explained that a guilty plea represents a break in the chain of events that preceded it in the criminal process; thus, a defendant, who admits his guilt, waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea. Haynes, supra, at 3-4, citing States v.Spates (1992), 64 Ohio St.3d 269, 272. This "waiver" is applicable to a claim of ineffective assistance of trial counsel unless the allegation caused the plea to be less than knowing and voluntary. Id. at 4; see, also, Barnett, supra, 73 Ohio App.3d at 249; State v. Washington (Apr. 4, 1997), Portage App. No. 95-P-0025, unreported, 1997 Ohio App. LEXIS 1340, at 10-11.
Generally, a guilty plea is deemed to have been entered knowingly and voluntarily if the record demonstrates that the trial court advised a defendant of (1) the nature of the charge and the maximum penalty involved, (2) the effect of entering a plea to the charge, and (3) that the defendant will be waiving certain constitutional rights by entering his plea. Sopjack, supra, at 27-28, citing State v. Kelley (1991),57 Ohio St.3d 127; see, also, Crim.R. 11(C)(2).
In the instant case, we make the following observation. The situation before us raises a concern because of the swiftness of the events between the complaint filed against appellant, his guilty plea, and his sentencing. Appellant alleges several instances where trial counsel rendered ineffective assistance. Specifically, appellant claims that trial counsel failed to consult with him, return his telephone calls, conduct an investigation, participate in discovery, and file basic pretrial motions. However, appellant fails to demonstrate how he was prejudiced by trial counsel's alleged inactions. Appellant had not presented "evidence" to support his allegations. As stated previously, it is the appellant's burden to show that a manifest injustice occurred.
Moreover, the record does not support appellant's contention that his attorney was deficient in his representation of appellant. In particular, during the plea hearing, in the presence of appellant, appellant's trial counsel stated:
 "Mr. Madeline and I have had an opportunity to discuss this matter at length. * * * Also, we have gone through the plea agreement that is also before this Court. Mr. Madeline is fully advised of his constitutional rights, the charges contained therein, and his rights in regards to this matter. He wishes to waive all those and plead guilty in this case." (T.p. 2).
 Shortly after trial counsel made the above statement, the trial court asked appellant if he had any questions whatsoever. At this time, appellant had an opportunity to inform the trial court of his attorney's alleged deficiencies. However, appellant failed to do so. Furthermore, appellant was afforded yet another opportunity to inform the trial court that his attorney was "deficient" when the court asked him if he was satisfied with his attorney. Appellant responded in the affirmative. The court then immediately asked appellant: "[d]o you think he's done everything he could on your behalf?" Appellant replied "I believe so." (T.p. 10). Again, appellant failed to inform the trial court of his attorney's alleged deficiencies.
Additionally, appellant's written guilty plea also refutes the allegations that trial counsel rendered ineffective assistance. During the plea hearing, appellant was asked if he freely and voluntarily signed the "Finding on Guilty Plea to Bill of Information" and if he understood everything that was contained in the document. Appellant responded in the affirmative. In particular, the "Finding on Guilty Plea to Bill of Information," signed by appellant and his attorney, provides, in relevant part:
 "After being fully informed by my counsel and by the Court of the charges against me, I am making a plea voluntarily with the understanding of the nature of the charge and the consequences , including the penalty of the plea, * * * [that] prison term is presumed necessary and is mandatory. * * *
 "* * * I understand that I have the right to a jury trial * * * the right to confront and cross-examine witnesses against me, and the right to compulsory process for obtaining witnesses in my favor and to require the State to prove my guilt beyond a reasonable doubt at trial at which I cannot be compelled to testify against myself. Upon conviction, I would have the further right of Appeal. However, I waive all those rights * * * I enter a plea of "guilty" to a Bill of information charging me with the crime of: RAPE * * *
 "* * * I am entering the plea of guilty after being fully informed by my counsel and by the Court of the elements of the charge. * * *
 "* * * I have been informed by the Court and understand that I am not eligible for probation or community control sanctions * * * Further, my attorney has advised me of the possible appellate rights that may be applicable conditioned on the sentence imposed. Furthermore, my counsel and I have fully discussed the facts and circumstances surrounding this case including the names of all witnesses. My attorney has investigated these facts and circumstances to the best of my knowledge and has discussed with me the making of or the necessity of pre-trial motions. I am, therefore, satisfied that I am entering this plea with full understanding of my legal rights * * *."
 Contrary to appellant's assertions, appellant's written guilty plea indicates that he was fully informed as to the nature of the charge and its consequence, his appellate rights, and the facts and circumstances of the case. Appellant's plea also explicitly states that his attorney investigated the facts and circumstances to the best of his knowledge and discussed with him the making of or the necessity of pre-trial motions.
Further, the trial court engaged in a thorough plea colloquy with appellant, satisfying the requirements of Crim.R. 11(C)(2), which demonstrates that appellant's guilty plea was entered knowingly, intelligently, and voluntarily. Specifically, during the plea hearing, the trial court informed appellant that he had the right to a jury trial, the right to cross-examine and confront witnesses, the right to compulsory process, the right not to be forced to testify against himself, and an automatic right to appeal if he were convicted at the jury trial. The trial court also informed appellant that the state had to prove its case against him beyond a reasonable doubt, that the charge of rape carried a mandatory prison term, and that his sentence could range from three to ten years in prison. When asked if he understood each of those rights, the seriousness of the offense, the mandatory prison time, and that he would be giving them up, appellant responded in the affirmative. Also, appellant responded that no promises or threats were made to secure his guilty plea. Clearly, the trial court satisfied the mandates of Crim.R. 11(C)(2) before accepting appellant's guilty plea. As a result, appellant waived any claim of ineffective assistance of counsel since his plea was entered knowingly and voluntarily. See Haynes, supra. Therefore, appellant's guilty plea represents a break in the events preceding it.
Next, we conclude that there is no merit to appellant's argument that the trial court was required to grant an evidentiary hearing. When a trial court is confronted with a post-sentence Crim.R. 32.1 motion to withdraw a guilty plea, an evidentiary hearing is required if the facts alleged by a defendant, accepted as true, would require the trial court to grant the motion. State v. Blatnik (1984), 17 Ohio App.3d 201, 204;Kerns, supra, at 5; Jackson, supra, at 7. However, if the record, on its face, conclusively and irrefutably contradicts a defendant's allegations in support of his Crim.R. 32.1 motion, an evidentiary hearing is not required. State v. Christley (May 19, 2000), Portage App. No. 99-P-0022, unreported, 2000 Ohio App. LEXIS 2140, at 5, citing State v. Legree
(1988), 61 Ohio App.3d 568, 574. As we noted above, the record does not support appellant's claims that trial counsel rendered ineffective assistance, nor has appellant presented any "evidence" to support his allegations that trial counsel was ineffective. Therefore, an evidentiary hearing was not required.
In conclusion, while there is no time limit for submitting a Crim.R. 32.1 motion to withdraw a plea after sentencing, almost two and a half years passed before appellant filed his pro se Crim.R. 32.1 motion to withdraw his guilty plea. As stated previously, an undue delay of time is a factor that affects a defendant's credibility and weighs against granting a defendant's motion to withdraw his plea. See Smith, supra,49 Ohio St.2d 261. The passage of two and a half years undermines appellant's contention that he pled guilty because of his attorney's alleged ineffective assistance. Appellant has not demonstrated the existence of a manifest injustice. It is appellant's obligation to show that he was prejudiced by trial counsel's alleged inactions. As such, the trial court's denial of appellant's pro se post-sentence Crim.R. 32.1 motion is not unreasonable, arbitrary, or unconscionable, nor was it an abuse of discretion not to hold an evidentiary hearing.
For the foregoing reasons, appellant's sole assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.
CHRISTLEY, P.J., NADER, J., concur.
[1] Appellant's affidavit reiterated the arguments set forth in his motion. Appellant stated that his attorney did not visit him in jail and did not return his phone calls. Appellant further stated that the only contact with his attorney was at the plea hearing where his attorney advised him to plead guilty.
The affidavit of Stella Madeline stated that appellant was not advised of his Miranda rights or the nature of the charge when he was arrested. Mrs. Madeline further stated that appellant's trial counsel did not conduct any interviews or investigations concerning the charges and informed her that he would see appellant if he "had time."
Detective Jane Timko's affidavit, attached to the complaint against appellant, stated that appellant was given Miranda rights when he was interviewed on June 8, 1998. Detective Timko indicated that appellant made a statement, stating that he partially penetrated the victim with his penis and fondled her vaginal area between fifteen (15) and twenty (20) times.