[Cite as *State v. Penrod*, 2017-Ohio-7732.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-CA-83 |
| DAVID E. PENROD, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal appeal from the Licking County Court of Common Pleas, Case No. 15CR483


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: September 19, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

WILLIAM HAYES                          KEVIN GALL
Licking County Prosecutor              Burkett & Sanderson, Inc.
South Second Street                    73 North Sixth Street
Newark, OH 43055                       Newark, OH 43055

*Gwin, J.,*

{¶1} Defendant-appellant David E. Penrod, Jr. ["Penrod"] appeals his convictions and sentences after a guilty plea in the Licking County Court of Common Pleas.

*Facts and Procedural History*

{¶2} The Licking County Grand Jury returned a four count indictment against the Penrod charging Engaging in a Pattern of Corrupt Activities, a felony of the second degree pursuant to R.C. 2923.32(A)(1); Robbery a felony of the third degree in violation of 2911.02(A)(3); Burglary a felony of the third degree in violation of 2911.12(A)(3) and Receiving Stolen Property in violation of 2913.51(A)(C) a felony of the fourth degree.

{¶3} On October 5, 2016, Penrod entered guilty pleas to all counts of the indictment and was sentenced to a total of 13 years and 3 months in prison.

{¶4} On October 18, 2016, previously appointed counsel filed an appeal on Penrod's behalf. On December 1, 2016, appellant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967) as well as a Motion to Withdraw.

{¶5} This Court then provided Penrod the opportunity to file a pro se brief in support of his appeal, which he did on January 27, 2017. On April 5, 2017, this Court granted previous counsel's Motion to Withdraw and remanded the matter back to trial court with orders to appoint counsel for the purpose of submitting a merit brief based on the findings that the matters raised in Penrod's pro se brief were not wholly frivolous.

*Assignment of Error*

{¶6} Penrod raises two assignment of error,

{¶7} "I. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶8} "II. THE DEFENDANT-APPELLANT'S PLEA WAS NOT ENTERED KNOWINGLY OR INTELLIGENTLY."

I.

{¶9} In his First Assignment of Error, Penrod contends that he was denied the effective assistance of trial counsel due to the failure of his attorney to inform him that the trial court was not bound to adopt any jointly recommended sentence of the parties or any prior sentencing recommendation made by the state at the pre-trial stages.

{¶10} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶11} In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley.* *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251(2009).

{¶12} A plea agreement is generally "contractual in nature and subject to contract-law standards." *State v. Butts*, 112 Ohio App.3d 683, 679 N.E.2d 1170 (8th Dist. Cuyahoga 1996). Plea agreements should be construed strictly against the government. *United States v. Fitch*, 282 F.3d 364 (6th Cir. 2002). "When a plea rests in any significant

degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." *State v. Legree*, 61 Ohio App.3d 568, 573 N.E.2d 687 (6th Dist. 1988). A prosecutor's failure to comply with the terms of the plea agreement may, in some circumstances, render a defendant's plea involuntary and undermine the constitutionality of a conviction based upon that plea. *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

{¶13} The intent of the parties to a contract presumptively resides in the ordinary meaning of the language employed in the agreement. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 509 N.E.2d 411 (1987). Contractual language giving rise to doubt or ambiguity must be interpreted against the party who used it. *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 667 N.E.2d 949 (1996). In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered his guilty plea. *See United States v. Partida–Parra*, 859 F.2d 629 (9th Cir. 1988). Therefore, we must identify the terms of the purported plea agreement before we can determine if the state or the trial court breached the agreement. *State v. Winfield*, 5th Dist. Richland No. 2005–CA–32, 2006–Ohio–721.

{¶14} A review of the record in the case at bar indicates that no plea bargain concerning Penrod's sentence was reached between the state and Penrod. The document relied upon by Penrod to establish his argument is insufficient to establish a contract between the state and Penrod. The document is simply a "Pretrial Entry." The

trial judge, presumably, entered his handwritten notes upon this pre-printed form. The entry provides in relevant part,

> 11. Sentencing Factors: [Defendant] has felony convictions in 3 states; 2 prior prisons, warrant for FTA; thefts, burgs, etc.

> 12. Other: These cases arise from Del, Fair., Frank, & Lick Co. stealing & pawning Hoover vacuums, about 16K; 3 other acts in LC. Also [Prosecutor] suggests a long prison term (8 years).

*Pretrial Entry,* Filed Apr. 22, 2016.

{¶15} The entry contains no language specific enough to establish the intent of the parties to establish a contract, or a meeting of the minds concerning the terms and conditions of the contract. Accordingly, nothing in the document can be construed as creating a contractual obligation by the state or the trial court to sentence Penrod to a specific sentence in exchange for his guilty pleas. To the contrary, the four written plea agreements signed by Penrod and his attorney contain no promises concerning the sentence the trial judge could impose for each offense or a promise by the state to recommend a particular sentence in Penrod's case. Further, both the state and Penrod argued extensively at the sentencing hearing advocating the respective positions of the parties concerning the imposition of sentence. No agreement was referenced at any time during the arguments. Penrod told the trial judge that no promises had been made to induce his plea. The trial court was entitled to rely upon that representation especially when as here, Penrod did not object in open court after his sentence was announced.

{¶16} In any event, trial courts may reject plea agreements and they are not bound by a jointly recommended sentence. *See State ex rel. Duran v. Kelsey,* 106 Ohio St.3d

58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6; *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶28.

**{¶17}** We find no evidence in the record to establish that the state or the trial judge agreed to recommend or impose a specific sentence in Penrod's case.

**{¶18}** To the extent that Penrod contends that he mistakenly believed he would receive a sentence of eight years by the trial court, we find nothing in the record to establish such a belief. In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16.

**{¶19}** For all the foregoing reasons, Penrod's First Assignment of error is overruled.

II.

**{¶20}** In his Second Assignment of Error, Penrod argues that by not being adequately informed by his trial counsel and by the trial court that it was not bound to

adopt any sentencing recommendations, he did not enter a knowing and intelligent guilty plea.

**{¶21}** As we have found in our disposition of Penrod's First Assignment of Error, there exists no evidence that a sentencing recommendation or an agreement to a specific sentence was entered into between the state and Penrod.

**{¶22}** The trial court and his counsel's representations concerning his potential sentence did not mislead Penrod. Accordingly, contrary to Penrod's assertions, defense counsel and the trial court's statements were accurate explanations about his potential sentences upon the acceptance of his pleas. Because there was no agreement, and no sentencing recommendation, the trial court had no obligation to inform Penrod that it was not bound to follow the state's sentencing recommendation. In the alternative, because there is no evidence that an agreement was reached, Penrod cannot establish prejudice as a result of any failure of the trial court to tell him that the court was not obligated to follow a sentencing recommendation of the state.

**{¶23}** Therefore, defense counsel and the trial court's advice about Penrod's potential sentences rights did not render his guilty plea involuntary, unintelligent or unknowing.

**{¶24}** Penrod's Second Assignment of Error is overruled.

{¶25}  The judgment of the Licking County Court of Common Pleas is affirmed.


By Gwin, J.,

Delaney, P.J., and

Wise, J., concur