[Cite as *State v. Smith*, 2023-Ohio-598.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT2022-0041 |
| GAGE L. SMITH | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
                            Pleas, Case No.  CR2022-0030


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     March 1, 2023


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RON WELCH                             CHRIS BRIGDON
PROSECUTING ATTORNEY                  8138 Somerset Road
JOHN CONNOR DEVER                     Thornville, Ohio  43076
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43702

*Wise, J.*

{¶1}   Defendant-Appellant Gage L. Smith appeals his conviction and sentence entered in the Muskingum County Court of Common Pleas on one count of identity fraud of an elderly or disabled person, one count of theft of an elderly or disabled person, and one count of possession of drugs, following a guilty plea.

{¶2}   Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   The relevant facts and procedural history are as follows:

{¶4}   In February 2022, the State of Ohio charged Appellant Gage L. Smith through a bill of information with three felonies: Count One: Identity Fraud of an Elderly or Disabled Person, in violation of R.C. §2913.49(B)(1), a felony of the second degree; Count Two: Theft from an Elderly or Disabled Person, in violation of R.C. §2913.02(A)(1), a felony of the second degree; and Count Three: Possession of Drugs, (Methamphetamine), in violation of R.C. §2925.11(A), a felony of the fifth degree. (Pl. Tr. P. 3, 6).

{¶5}   The matter came before the court, after Appellant's father, a disabled person, was contacted by Bank of America regarding charge accounts that had been opened in his name from December, 2017, through June, 2021. (Plea T. at 15). Through an investigation, several cards were discovered in Douglas Smith's name (the father) with Appellant's billing address. The total amount between the three accounts discovered was $46,846.51. (Plea T. at 16).

{¶6}   Appellant pled guilty to the Bill of Information. (Plea T. at 6). During the change-of-plea hearing, the trial court advised Appellant that the maximum penalty for

Counts One and Two was 2 to 8 years in prison and an indefinite period maximum of 4 years. (Plea T. at 4). Next, the trial court informed Appellant that the maximum fine for Count One was $15,000. *Id.* Then as to Count Two, also an F-2, the court read from the plea agreement that the maximum potential fine was $50,000.00. *Id.* The trial court went on to describe the plea agreement as a joint recommendation of four (4) years and eleven (11) months in prison, and a restitution amount of $46,846.51. (Plea T. at 5). The Appellant waived presentment of the case to the grand jury and waived the 24-hour time requirement upon which the Appellant would have the right to answer said Bill. (Plea T. at 6). Later, the trial court reiterated the charges within the counts and stated the maximum potential fine in Count Two as $50,000. (Plea T. at 8). Appellant then entered a plea of guilty as to all three counts. (Plea T. at 14-15).

{¶7}  On April 4, 2022, a sentencing hearing was held wherein the trial court sentenced Appellant as follows: Count One: a stated minimum prison term of six (6) years; an indefinite prison term of nine (9) years; Count Two: a stated prison term of six (6) years; Count Three: a stated prison term of twelve (12) months. The trial court ordered the terms of incarceration imposed to be served concurrently with one another for an aggregate minimum prison sentence of six (6) years and an indefinite prison sentence of nine (9) years. The court also ordered restitution in the amount of $46,846.51. The trial court did not impose a fine on any of the Counts. (See Judgment Entry, April 7, 2022).

{¶8}  Appellant now appeals, raising the following assignments of error for review:

**ASSIGNMENTS OF ERROR**

{¶9}  "I. DID THE TRIAL COURT ERROR [SIC] WHEN ACCEPTING THE APPELLANT'S PLEA OF GUILTY AFTER INCORRECTLY STATING THE MAXIMUM

PENALTY OF THE FINE IN CONTRADICTION OF R.C. §2929.18 AND THEREFORE IN CONTRADICTION OF CRIM.R. 11(C)(2)(A) IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION?

**{¶10}** "II. DID THE TRIAL COURT ERROR [SIC] WHEN THE SENTENCE OF 6 YEARS (AND A RESERVE TERM OF INDEFINITE TIME) WAS DISPROPORTIONATE TO THE CRIME COMMITTED WHEN CONSIDERING THE PRINCIPLES SET FORTH IN R.C. §2929.11 AND THE FACTORS TO BE CONSIDERED IN R.C. §2929.12."

**I.**

**{¶11}** In his first assignment of error, Appellant argues that the trial court erred in accepting his guilty plea. We disagree.

**{¶12}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

**{¶13}** Crim.R. 11 governs rights upon plea. Subsection (C)(2) states the following:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶14}** The standard for a trial court's Crim.R. 11 non-constitutional notifications under (C)(2)(a) and (b) is substantial compliance; the standard for Crim.R. 11(C)(2)(c) constitutional notifications is strict compliance. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

**{¶15}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

{¶16} The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26 (post-release control is a non-constitutional advisement).

{¶17} In *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), the Supreme Court of Ohio explained the following:

> Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *Stewart* [*State v.,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977)]*, supra; State v. Carter* (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Stewart, supra,* 51 Ohio St.2d at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made. *Id.*

{¶18} When reviewing a plea's compliance with Crim.R. 11(C), we apply a *de novo* standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474 (1990);

*State v. Lebron,* 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶ 9; *State v. Groves,* 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025, ¶ 7.

**{¶19}** The court can look to the totality of the record to determine whether that defendant was meaningfully informed of the specific rights. *State v. Ballard*, 66 Ohio St.2d 473, 480-482, 423 N.E.2d 115 (1981).

**{¶20}** In the instant case, Appellant asserts the trial court failed to correctly advise him of the maximum potential fine.

**{¶21}** Here at the plea hearing, the trial court initially advised Appellant the maximum fine for Count Two was $15,000, but then when reviewing the plea form which stated that the maximum fine was $50,000.

**{¶22}** Upon review, we find that R.C. §2913.02(B)(3) provides:

… If the victim of the offense is an elderly person, in addition to any other penalty imposed for the offense, the offender shall be required to pay full restitution to the victim and to pay a fine of up to fifty thousand dollars.

**{¶23}** Upon review, we conclude that in light of the foregoing analysis, the trial court substantially complied with Crim.R. 11(C)(2)(a), and an additional analysis of prejudice is unnecessary. Although clearly the prospect of a maximum fine of $15,000 as opposed to $50,000 would be a factor weighing heavily in favor of a plea. Furthermore, no fine was imposed by the trial court.

**{¶24}** Appellant's first assignment of error is overruled.

**II.**

{¶25} In his second assignment of error, Appellant argues that his sentence was grossly disproportionate to his conduct and not in accordance with felony sentencing guidelines. We disagree.

{¶26} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this Court's standard of review as follows:

{¶27} (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶28} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶29} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶30} (b) That the sentence is otherwise contrary to law.

{¶31} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will

produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶32}** "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶33}** Here, in addition to a fifth-degree drug possession charge, Appellant pled guilty to R.C. §2913.49(B)(1) and R.C. §2913.02(A)(1), both second-degree felonies.

**{¶34}** Appellant herein does not argue his sentence is not within the permissible statutory range. Rather, Appellant argues the trial court did not consider his lack of a prior criminal history, his drug addiction problem, and the fact that he was remorseful. Appellant also argues that the trial court did not follow the joint recommendation of 4 years and 11 months in prison.

**{¶35}** Initially, we note that the trial court advised Appellant at the plea hearing that the "joint recommendation is not binding on this Court and, at sentencing, I do not have to follow it." (Plea T. at 13).

**{¶36}** A trial court is not bound by a jointly recommended sentence. *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 28. A "recommended" sentence is just as it sounds: "a nonbinding recommendation to the court, which the court is not required to accept or comment on." *State v. Link*, 5th Dist. Licking No. 21CA0059, 2022-Ohio-

2067, 2022 WL 2188993, ¶ 54 quoting *State v. Harvey*, 8th Dist. Cuyahoga No. 107168, 2019-Ohio-715, 2019 WL 989892, ¶ 7. Trial courts may reject plea agreements and they are not bound by a jointly-recommended sentence. *State v. Link*, 5th Dist. Licking No. 21CA0059, 2022-Ohio-2067, 2022 WL 2188993, ¶ 55 citing *State v. Penrod*, 5th Dist. Licking No. 16-CA-83, 2017-Ohio-7732, ¶ 16, citing *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6. The decision to accept or reject a plea bargain rests solely within the discretion of the trial court. *State v. Jefferson*, 5th Dist. Delaware No. 11 CAA 04 0033, 2012-Ohio-148, ¶ 50, citing *State v. Asberry*, 173 Ohio App.3d 443, 2007-Ohio-5436, 878 N.E.2d 1082. Hence, Appellant could not have relied on any alleged recommended prison term by the prosecutor because a trial judge is not required to follow such a recommendation.

**{¶37}** Here, the trial court stated in its sentencing entry that it "considered the record, all statements, any victim impact statement, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12." (Sent. Entry at 1).

**{¶38}** A court imposing a felony sentence is required to *consider* the statutory sentencing factors in R.C. §2929.11 and R.C. §2929.12, but "there is no requirement to make specific findings or use specific language during the sentencing hearing." *State v. Jackson*, 11th Dist. Lake No. 2014-L-124, 2015-Ohio-2608, ¶ 21.

**{¶39}** Here the sentences imposed were within the statutory range, and there is nothing in the record to suggest the trial court ignored the factors Appellant identifies on appeal. "Simply because the trial court did not find the factors identified by Appellant to

militate in favor of a less severe sentence does not imply the sentence is contrary to law." *State v. Miller*, 11th Dist. Lake No. 2018-L-133, 2019-Ohio-2290, ¶ 25.

**{¶40}** The court stated both at sentencing and in the sentencing entry that it considered the R.C. §2929.12 factors, which is sufficient to demonstrate it did so. Appellant's sentence was within the statutory range, and he does not point to anything in the record showing the court ignored the sentencing factors.

**{¶41}** Upon review, we find Appellant has failed to show by clear and convincing evidence that his sentence is not supported by the record, or that it is grossly disproportionate to the crime such that it shocks the sense of justice in the community.

**{¶42}** Appellant's second assignment of error is overruled.

**{¶43}** Accordingly, the judgment of the Muskingum County Court of Common Pleas, Muskingum, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/kw 0224